# In the United States Court of Federal Claims

No. 12-641C
(Filed: July 17, 2015)

|  |  |  |
|---|---|---|
| ENTERGY NUCLEAR PALISADES, LLC, | ) ) ) ) | Motion for Reconsideration; Entry of Partial Judgment; RCFC 59; RCFC 60; |
| Plaintiff, | ) ) | RCFC 54; Spent Nuclear Fuel; Breach of Contract; Agreed-upon Portion of |
| v. | ) ) | Damages |
| THE UNITED STATES, | ) ) |  |
| Defendant. | ) ) |  |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

**FIRESTONE**, *Judge*.

The government has filed the present motion for reconsideration, ECF No. 71, asking this court to revisit its decision to enter partial judgment under Rule 54(b) of the Rules of the United States Court of Federal Claims ("RCFC") in favor of the plaintiff, Entergy Nuclear Palisades ("ENP"), for the undisputed portion of damages in this spent nuclear fuel case. According to defendant the United States ("the government"), plaintiff's claim was not separable for purposes of entering a partial judgment. For the reasons that follow, defendant's motion for reconsideration is **DENIED**.

## I.   BACKGROUND

This case concerns the storage and disposal of nuclear waste at the Palisades Nuclear Plant ("Palisades"), which is owned and operated by the plaintiff. The plaintiff

1

alleges that, under both a contract between it and the government and under the Nuclear

Waste Policy Act of 1982, as amended, 42 U.S.C. §§ 10101-10108, the government was

required to commence acceptance and disposal of spent nuclear fuel ("SNF") and high-

level radioactive waste from Palisades beginning on January 31, 1998.  The plaintiff

alleges, and the government does not dispute, that the government has not accepted or

disposed of SNF or radioactive waste from Palisades.

On September 26, 2012 ENP filed its complaint alleging breach of contract.  The

parties subsequently conducted discovery and exchanged expert reports.  With respect to

the Palisades site, ENP's expert calculated that ENP suffered damages in the amount of

$36,408,999 as a result of the government's breach.  The government did not contest

liability, but its expert calculated that ENP had only incurred $20,634,196 as a result of

the government's breach.[1]  The defendant agreed that it owed ENP that amount, leaving

approximately $15.7 million of the costs associated with Palisades still in dispute.

Consequently, on February 27, 2015, ENP filed a motion for partial summary judgment,

ECF No. 55, with respect to the approximately $20.6 million that the government

acknowledged it owed to ENP in damages relating to Palisades.

---

[1] The total amount of damages ENP claims for Palisades was spread across eight different
categories of costs allegedly incurred as a result of the government's breach.  For six of the eight
categories, the government has agreed it is liable for some, but not all, of the amount of damages
plaintiff has claimed for each respective category.  As for the remaining two categories, the
government has agreed with plaintiff's damages calculation in its entirety for one category and
denied any liability with respect to the final category.  This final category (costs associated with
a pool constructed to store SNF) constitutes approximately $10.4 million of the $15.7 million of
damages still in dispute in this case.

On May 4, 2015 the court granted ENP's motion for summary judgment with

respect to the claim for the undisputed portion of damages associated with the Palisades

site. Entergy Nuclear Palisades, LLC v. United States, No. 12-641 (Fed. Cl. May 4,

2015). The court asked the parties to provide the court with a proposed judgment for the

uncontroverted amount.[2] On May 14, 2015, plaintiffs filed a proposed final judgment on

the undisputed portion of the damages, ECF No. 64, and the government made no

objection. On May 18, 2015, the court directed the clerk of court to enter judgment in the

amount of $20,634,196, ECF No. 65, and on May 20, 2015, the clerk entered that

judgment, ECF No. 66.

On June 8, 2015, the parties filed a joint status report, ECF No. 69, in which the

government stated that it would file a motion for reconsideration. On June 17, 2015, the

government filed its motion for reconsideration and to vacate the judgment against the

United States under RCFC 59(a) and 60(b).

## II.    STANDARD OF REVIEW

Under RCFC 59(a), the "court may, on motion, grant a new trial or a motion for

reconsideration on all or some of the issues . . . upon the showing of satisfactory

evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to

the United States." RCFC 59(a)(1)(C). However, the Federal Circuit has instructed that

---

[2] Without the partial judgment, the government would be unable to pay the plaintiff until the litigation is resolved in its entirety. See 28 U.S.C. § 2517 (providing that "every final judgment rendered by the United States Court of Federal Claims against the United States shall be paid out of any general appropriation therefor . . . unless the judgment is designated a partial judgment, in which event only the matters therein shall be discharged.")

"[t]he burden on the moving party is high and a motion for reconsideration is not intended merely to give an unhappy litigant an additional opportunity to persuade the court to accept its arguments." Multiservice Joint Venture, LLC v. United States, 374 F. App'x 963, 967 (Fed. Cir. 2010) (quoting Citizens Fed. Bank, FSB v. United States, 53 Fed. Cl. 793, 794 (2002)).  A motion for reconsideration under RCFC 59(a) "must be supported 'by a showing of extraordinary circumstances which justify relief.'" Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000)).  Accordingly, reconsideration under RCFC 59 is permitted "for one of three reasons: (1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice." Multiservice, 374 F. App'x at 967 (quoting Parsons ex rel. Linmar Prop. Mgmt. Trust v. United States, 174 F. App'x. 561, 563 (Fed. Cir. 2006)).

Under RCFC 60(b), a court may "relieve a party or its legal representative from a final judgment" if any of several circumstances exist, including "mistake, inadvertence, surprise, or excusable neglect," RCFC 60(b)(1); "the judgment is void," RCFC 60(b)(4); or "any other reason that justifies relief," RCFC 60(b)(6).  Though RCFC includes a catchall provision, relief under RCFC 60(b) "is generally available only in the presence of extraordinary circumstances." Smith v. United States, 495 F. App'x 44, 50 (Fed. Cir. 2012) (citing Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863 (1988)); see also Wagstaff v. United States, 595 F. App'x 975, 978 (Fed. Cir. 2014) (RCFC 60 "is not available simply to relitigate a case" and is "'extraordinary relief . . . which may only be

granted under exceptional circumstances." (alteration in original) (quoting <u>Sioux Tribe of Indians v. United States</u>, 14 Cl. Ct. 94, 101 (1987))).  The rule enables the court to modify a judgment "where a significant change in the factual conditions or legal landscape renders continued enforcement of the judgment or order harmful to the public interest."  <u>Smith</u>, 495 F. App'x at 50.

## III.   DISCUSSION

### A.    Entry of Partial Judgment under Rule 54(b)

Recognizing that litigation has become increasingly complex, "[i]n the interest of sound judicial administration, Congress enacted Rule 54(b) to 'relax[] the restrictions upon what should be treated as a judicial unit for the purposes of appellate jurisdiction.'" <u>W.L. Gore & Associates, Inc. v. Int'l Med. Prosthetics Research Associates, Inc.</u>, 975 F.2d 858, 861 (Fed. Cir. 1992) (quoting <u>Sears, Roebuck & Co. v. Mackey</u>, 351 U.S. 427, 432 (1956)).  RCFC 54(b) allows the court, under certain circumstances, to enter a partial judgment in a case before all the claims in that case are fully litigated:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, or third-party claim—or when multiple parties are involved, <u>the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.</u>  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

RCFC 54(b) (emphasis added).

In Curtiss-Wright Corp. v. General Elecectric Co., the Supreme Court explained

that there is a two-part test to determine whether partial judgment under Rule 54(b) is

warranted.  446 U.S. 1 (1980).  First, the court must "determine that it is dealing with a

'final judgment.'"  Id. at 7.  A final judgment contains two components: first, "[i]t must

be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief," and

second, "it must be 'final' in the sense that it is 'an ultimate disposition of an individual

claim entered in the course of a multiple claims action.'"  Id.  The Federal Circuit has

held that a judgment is final when it "'ends the litigation on the merits and leaves nothing

for the court to do but execute the judgment.'"  W.L. Gore, 975 F.2d at 863 (quoting

Catlin v. United States, 324 U.S. 229, 233 (1945)).

Second, the court must find that there is "no just reason for delay" in entering a

judgment.  In that connection, the court must "take into account judicial administrative

interests as well as the equities involved."  Curtiss-Wright, 446 U.S. at 8.  Consideration

of judicial economy is necessary to "'preserves the historic federal policy against

piecemeal appeals.'"  Id. (quoting Sears, 351 U.S. at 438).  To that end, it is appropriate

for the trial judge "to consider such factors as whether the claims under review were

separable from the others remaining to be adjudicated and whether the nature of the

claims already determined was such that no appellate court would have to decide the

same issues more than once even if there were subsequent appeals."  Id.  The Federal

Circuit has explained that in determining the "separateness of the claims for relief" for

purposes of RCFC 54 "is a matter to be taken into account in reviewing the trial court's

exercise of discretion in determining that there is no just reason to delay the appeal."

W.L. Gore, 975 F.2d at 862 (citing Curtiss-Wright, 446 U.S. at 8.  In Intergraph Corp. v.

Intel Corp., the Federal Circuit explained that "[e]ven for claims that arise out of the

same transaction or occurrence, sound case management may warrant entry of partial

final judgment."  253 F.3d 695, 699 (Fed. Cir. 2001).

## B.      Reconsideration is Not Warranted in this Case

The government argues that reconsideration is required because, under the Curtiss-

Wright test, the partial judgment awarded to the plaintiff is not a separate "claim" for the

purposes of RCFC 54(b).  The government characterizes the plaintiff's entire complaint

as one single "claim" for breach of contract, and therefore, the court cannot grant partial

judgment until that "claim" is fully litigated.  However, the court finds that the

government's definition of "claim" is overly restrictive, elevating form over substance,

and does not comport with case law addressing similar situations.

Other courts in this circuit have found that RFCF 54(b)'s requirement of a final

claim does not prevent the entry of partial judgment in cases where a portion of the

damages has been definitively established and further litigation will not impact the

government's obligation to pay at least that amount.  In those cases, as in this one, the

court treated the  uncontested portion of the damages as a resolved "claim" for the

purposes of Rule 54(b), and the unresolved portion as the remaining "claim," even when

both portions of damages arose from the same original cause of action.  For example, in

Stockton Eastern Water District v. United States, the Federal Circuit had reversed and

remanded to trial court with respect to expectancy damages, but affirmed the trial court

with respect to cost-of-cover damages relating to the same breach of contract.  120 Fed.

Cl. 80, 82-83 (2015). On remand, the trial court entered partial judgment in the amount of the expectancy damages affirmed by the court of appeals, rejecting the government's argument that partial judgment was inappropriate because the plaintiff sought judgment as to resolved "issues" as opposed to distinct "claims." Id. at 83. As the court explained:

> A trial court has the authority on remand to enter partial judgment as to a sum certain in damages for which a defendant is liable as a result of the court of appeals's mandate, even if the remand order requires the trial court to adjudicate other requests for damages by plaintiff arising out of the same legal claim.

Id. at 83 (citing King Instrument Corp. v. Otari Corp., 814 F.2d 1560 (Fed. Cir. 1987)).

Likewise, in Bell BCI Co. v. United States, the case had previously been appealed to the Federal Circuit on six categories of damages (including increased labor costs, the unpaid balance on the contract, and loss of profit). 91 Fed. Cl. 664, 666 (2010). The court of appeals affirmed as to three of those categories and vacated and remanded as to the other three. Id. In granting the plaintiff's motion for partial summary judgment on the affirmed portion of the claim on remand, the court explained that, when the court of appeals had affirmed a specific portion of a trial court's judgment and remanded for further proceedings, the trial court "'can split that judgment by directing partial judgment on the affirmed portion.'" Id. at 667 (quoting Am. Sav. Bank v. United States, 83 Fed. Cl. 555, 558 (2008)) (citing King Instrument, 814 F.2d at 1560).[3]

---

[3] The government cites Houston Industries Inc. v. United States for the proposition that "resolution of individual issues within a claim do not satisfy the requirements of Rule 54(b)." 78 F.3d 564, 567 (Fed. Cir. 1996). However, in that case, the court was dealing with the question of what constitutes a "claim" in the specific context of income tax cases. See id. (finding that in a tax refund case, all the issues determining liability for one year constituted a "single, unified cause of action, regardless of the variety of contested issues and points that may bear on the final

It is true that <u>Bell</u>, <u>American Savings Bank</u>, and <u>Stockton</u> differ from the present case in that there has not been an affirmance of partial damages from the Federal Circuit. However, the fact that the United States has agreed that the government is liable for the amount entered as a partial judgment and further stated that it will not appeal for that amount is a functional equivalent to an affirmation.  What remains to be resolved in this case, as in the cases identified above, is the disputed portion of the damages over and above what the government has agreed to pay or has been finally ordered to pay.  The government has not demonstrated in light of the cited precedent that the court erred in entering a judgment for the amount the government conceded that it owed on the grounds that the issues resolved by that concession did not qualify as a "claim" under RCFC 54(b).

As for the second part of the test, determining whether there is any just reason for delay, the government conceded in oral argument that plaintiff satisfies the <u>Curtiss-Wright</u> criteria.  With respect to issues of judicial administration, there is no need to delay judgment in order to "preserve[] the historic federal policy against piecemeal appeals."  <u>Curtiss-Wright</u>, 446 U.S. at 8 (quoting <u>Sears</u>, 351 U.S. at 438).  The government has stated that it will not appeal its liability for the amount of the judgment.  Therefore, there is no risk of an appellate court ruling on the same issue twice.  Further, because the government has already agreed that it owes plaintiff approximately $20.6

---

computation." (quoting <u>Finley v. United States</u>, 612 F.2d 166, 170 (5th Cir. 1980) (internal quotation marks omitted)).  Further, unlike this case, the plaintiffs in <u>Houston</u> sought final judgment for an amount that was still contested and subject to appeal.

million in damages, the outcome of the remaining portion of the litigation will not have

any effect on the government's obligation to pay that amount.  See Home Sav. of Am.,

F.S.B. v. United States, 69 Fed. Cl. 187, 190 (2005) (finding that partial judgment was

appropriate when further rulings in the case would either increase plaintiff's award or

have no effect on it).  In that connection, the government has not raised any concern that

reconsideration is needed to allow for a setoff in ENP's ultimate recovery. [4]

In balancing the equities relating to the entry of a partial judgment, the Supreme

Court has found that it is appropriate to consider the negative effects of requiring a

plaintiff to fully litigate the entire case before receiving payment.  Curtiss-Wright, 446

U.S. at 11 (noting that absent Rule 54(b) certification, the plaintiff would not be paid for

"many months, if not years" due to the prolonged expected length of the litigation).

Here, ENP sought a partial judgment for a significant amount of money—more than $20

million—in damages that the government fully acknowledges arose from the

government's breach of its contract with ENP.  A trial on the remaining issues is

scheduled for December of 2015, and may be followed by a lengthy appeals process.

Consequently, absent this partial judgment, the plaintiff might not receive what is

unquestionably owed to it for quite some time on top of the several years it has waited

thus far.

---

[4] The government acknowledges that it had the opportunity to object to partial judgment before it
was entered and did not do so.  Though not fatal to the government's argument under Rule 60(b),
see Patton v. HHS, 25 F.3d 1021, 1030 (Fed. Cir. 1994) ("The exhaustion of pre-judgment
remedies is not a mandatory condition precedent for obtaining post-judgment relief under Rule
60(b)"), the government's failure to object demonstrates the lack of countervailing equitable
interests to entering partial judgment.

The delay in payment is particularly problematic in this case because the plaintiff will not be able to collect interest.  See Sys. Fuels, Inc. v. United States, 666 F.3d 1306, 1310-11 (Fed. Cir. 2012) (plaintiff cannot collect interest for breach of contract in SNF cases).  When an award does not accrue pre- or post-judgment interest, "[t]o permit the Plaintiffs to receive its due based upon the final and irreversible portion of the judgment undeniably serves the ends of justice."  Am. Sav. Bank, 83 Fed. Cl. at 559.  The court cannot ignore the fact that ENP will not be able to recover interest on the damages that the government has agreed it must pay, an issue which weighed heavily in favor of granting partial judgment at this time.  See id. ("Postponing Plaintiffs' receipt of what the Government owes to Plaintiffs would only serve to further injure the Plaintiffs and benefit the breaching party as the award does not accrue pre-judgment or post-judgment interest.").

## IV.   CONCLUSION

The court concludes that purposes of RCFC 54(b) were served by entering partial judgment, and that the government has not identified any just reason to delay entry of judgment for the sum of money that the government had already agreed to pay.  The government has not demonstrated any grounds under either RFCF 59 or RCFC 60 for setting aside the partial judgment.  The defendant's motion is therefore **DENIED**.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

11